# Exhibit A

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE | ) | CASE NO. 2018-CP-21-002297 |
| | | |
| Zachary G. Mumford, | ) | |
| | ) | **AMENDED COMPLAINT** |
| Plaintiff, | ) | (jury trial demanded) |
| | ) | |
| v. | ) | **1.    Negligence** |
| | ) | **2.    Breach of Contract** |
| USA Football, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendant herein, would respectfully allege and show unto the Court as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Zachary G. Mumford ("Mumford") is a citizen and resident of Florence County, South Carolina.  During all times relevant herein, Plaintiff Mumford was acting as a volunteer youth football coach for the City of Florence Junior Football League ("FJFL") in Florence, South Carolina.

2.     Plaintiff Mumford alleges upon information and belief that Defendant USA Football, Inc ("USA Football"), is a 501(c)(3) non-profit corporation organized under the laws of Virginia having its headquarters in Indianapolis, Indiana.  Defendant USA Football is affiliated with the National Football League ("NFL").  Defendant USA Football received more than FORTY MILLION DOLLARS ($40,000,000) from the NFL to fund its creation and operations in response to the declining interests of parents and youth in participating in tackle football.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

3.      Plaintiff Mumford alleges that Defendant USA Football (a) has substantial contacts in Florence County, South Carolina; (b) provided various services in Florence County, South Carolina; (c) was negligent in Florence County, South Carolina; and (d) caused Plaintiff Mumford severe injuries and damages that occurred in Florence County, South Carolina.

4.      On August 25, 2015, Plaintiff Mumford incurred severe permanent personal injuries upon being struck by lightning in an open field behind a local elementary school called "Carver Elementary School" while participating as an assistant coach in an FJFL practice in Florence County, South Carolina. The Complaint alleges that Defendant USA Football's negligence and wrongful conduct committed in Florence County were the proximate causes of his damages. Accordingly, this Court has jurisdiction over the parties and subject matter in this litigation; and this Court is the appropriate venue within which to litigate this dispute.

**FACTUAL ALLEGATIONS**

5.      Defendant USA Football promotes itself as football's national governing body that (a) leads the game's development, (b) inspires participation, and (c) creates a better safer experience for all youth, high school, and other amateur players.

6.      Defendant USA Football describes itself as follows:

> USA Football develops programs and products for players, coaches, and administrators with an emphasis on player safety. The Organization offers a membership program for youth and high school coaches, players, parents, and administrators. The membership programs for youth football leagues and high school programs are centered on Heads Up Football and USA Football's nationally accredited coach certification courses.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

> USA Football's Level 1 Youth Coach Certification Course is designed to train coaches responsible for the on-field development of children playing organized youth flag and tackle football. The program is the only nationally accredited coaching education course for football in the United States.
>
> Coaches within a youth program are trained to teach the game's fundamentals by completing USA Football's nationally accredited Level 1 Coaching Certification Course.

7.    Defendant USA Football touts its abilities to research, develop, and promulgate "best practices" rules, operating and safety guidelines, and coaching standards for youth football. Defendant USA Football states that safety of all youth football league participants (including players, coaches, parents, and fans) is the most important task it seeks to achieve.

8.    Defendant USA Football's promotional materials answer the question "Why get certified" as follows:

> (a)    Get certified so you can enhance fundamentals, expand your knowledge, and make your team better and safer.
>
> (b)    A safer league is a better league . . . Raise the bar.
>
> (c)    Show your community that safety is the No. 1 priority.

9.    During the start of the 2015 football season (prior to August 25, 2015) and ever since, FJFL became and has remained a member league affiliated with Defendant USA Football.

10.    Defendant USA Football offers various incentives to youth football leagues for becoming members of USA Football, including training and certification of volunteer administrators, directors, officers, commissioners, and coaches.    On August 25, 2015,

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

Plaintiff Mumford and all of the then FJFL volunteer coaches had been previously certified by Defendant USA Football under its Youth Coach Certification Course ("certification course") or a similar course.  In addition, Plaintiff Mumford and the other FJFL certified volunteer coaches each paid Defendant USA Football approximately THIRTY-FIVE DOLLARS ($35) for the "best practices" certification course and received as a seemingly valuable incentive liability insurance coverage in the face amount of ONE MILLION DOLLARS ($1,000,000).

11.     Defendant USA Football facilitated the issuance of liability insurance coverage to Plaintiff Mumford and the other FJFL's volunteer coaches as an inducement to become a certified member of Defendant USA Football.  The cheap insurance coverage created the false impression that Defendant USA Football's certification course would effectively teach comprehensive "best practices" involving youth football safety that would eliminate or drastically minimize the chances of a certified coach causing harm to someone and being a defendant in a negligence lawsuit.

12.     Defendant USA Football has a history of making misleading, unsupported, exaggerated, or false claims about the efficacy of its certification courses and programs in keeping participants in youth football safe.

13.     On August 25, 2015, Plaintiff Mumford was the youngest (or one of the youngest) assistant coaches in the entire FJFL; and he was the youngest assistant coach for a youth football team called "Seminole 6" consisting of about twenty two (22) young eleven (11) and twelve (12) year old boys.  Coach Mike Goodman ("Coach Goodman") was the Head Coach of Seminole 6.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

14.    On August 25, 2015, Coach Goodman was in charge of a Seminole 6 youth football practice held in an open field behind Carver Elementary School after normal school hours.  During the practice, a lightning storm arose.  The coaches and children frantically scampered to find shelter in a safe place.  All of the doors to Carver Elementary School were locked.  Some coaches searched for a vehicle to provide shelter for the scared children, Coach Goodman, Plaintiff Mumford, and a few other FJFL volunteer coaches returned to the open field to gather football equipment and children's belongings.

15.    While in the open field, Plaintiff Mumford was struck by lightning and collapsed to the ground in an unconscious state.  Plaintiff Mumford's body was in a contorted position and was smoldering; the grass around his body caught afire; his heart apparently stopped or almost stopped beating; his lips and skin color turned blue; and he was moaning and barely breathing.  The lightning bolt violently struck Plaintiff Mumford in the chest, ran through his body and down his leg, and exited his body through his foot while burning a hole in the sole of his shoe.

16.    Several minutes later, emergency services arrived on the scene; medics climbed over a chain-link fence and administered emergency medical care hoping to stabilize Plaintiff Mumford.  Plaintiff Mumford was transported via ambulance to a local hospital for additional medical care and treatment.

17.    Plaintiff Mumford was comatose for several days in a local hospital, but he survived the horrific lightning strike.  Plaintiff Mumford incurred and continues to suffer from severe physical, emotional, psychological, and financial harms and damages.

18.    FJFL had no Emergency Action Plan involving lightning safety.  Despite

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

aggressively marketing itself as the national governing body of youth football which researches, develops, teaches, and promulgates "best practices" to keep youth football participants safe, Defendant USA Football's cortication course had no information about the critical importance of developing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan which included lightning safety protocols.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

19.    During all times relevant herein, Defendant USA Football owed a legal obligation and duty to Plaintiff Mumford, FJFL, and all of its certified volunteer coaches to research, develop, and promulgate "best practices" rules, operating and safety guidelines, and coaching standards for youth football, including, but not limited to, lightning safety.

20.    Defendant USA Football promotes itself as America's leading youth football organization whose mission is to make safety of all youth football participants as its "No. 1 Priority" by teaching "best practices," "safety guidelines," and "coaching standards." Defendant USA Football represents that it accomplishes such an important mission by doing many things, including, but not limited to the following:

(a)    Educating and training young players and coaches, officials, volunteers, and health staff involved with youth football,

(b)    Collecting, developing, and disseminating information and other educational material to participatory football program operators (such as Pop Warner) and to the general public, and

(c)    Researching, developing, and promulgating "best practices" rules, operating and safety guidelines, and coaching standards for youth football.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

21.    Defendant USA Football publishes materials from others as a means to promote its repeated promises to create the "safest possible environment" for participants of youth football, such as the following:

> Parents love their kids, and they want the safest possible environment for their kids to participate in . . . When they see you taking the extra step that brings increased safety, they get it, and they appreciate it.

22.    Defendant USA Football owed an obligation and duty to effectively inform, train, teach, and educate Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches about best practices, safety guidelines, and coaching standards for youth football involving lightning safety.  However, Defendant USA Football was negligent in failing to effectively provide such important information about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified coaches during and after their completion of the training, education, and certification course

23.    Before Plaintiff Mumford was struck by lightning, Defendant USA Football knew or should have known of the "critical" importance for all youth football leagues to have a comprehensive, written Emergency Action Plan that includes lightning safety protocols.  However, Defendant USA Football's training and certification course failed to effectively teach Plaintiff Mumford, FJFL, and FJFL volunteer coaches about the "critical" importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan which included lightning safety protocols.

24.    Before August 25, 2015, Defendant USA Football endorsed and accepted as a "best practice" various position statements issued by the National Athletic Trainers Association ("NATA"), including, but not limited to, NATA's 2013 Position Statement

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

entitled Lightning Safety for Athletics and Recreation ("NATA Lightning Safety Statement").

25.     Defendant USA Football was negligent in failing to effectively provide such important information contained within the NATA Lightning Safety Statement about lightning safety protocols to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

26.     Defendant USA Football adopted other statements of NATA about lightning safety, including, but not limited to, the following:

> (a)     No athletic event is more important that the safety of participants and spectators.
>
> (b)     The majority of lightning injuries can be prevented through the aggressive educational campaign, vacating outdoor activities before the lightning threat, and an understanding of the attributes of a safe place from the hazard.

27.     Defendant USA Football was negligent in failing to effectively provide such important NATA information contained within PARAGRAPHS 23 and 25 above about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

28.     As an important component of Defendant USA Football's training, education, and certification course, Defendant USA Football had an obligation and duty to effectively emphasize to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches the critical importance of formalizing and implementing a comprehensive, written

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

proactive plan specific to lightning safety for each outdoor venue, including game and practice fields. However, Defendant USA Football was negligent in failing to effectively provide such important information about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of the training, education, and certification course.

29. An Emergency Action Plan that includes lightning safety is a critical component of creating "best practices" rules, operating and safety guidelines, and coaching standards for youth football. However, Defendant USA Football was negligent in failing to effectively provide such important information about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of the training, education, and certification course

30. Before August 25, 2015, Defendant USA Football was aware that an effective Emergency Action Plan in accordance with "best practices" rules, operating and safety guidelines, and coaching standards for youth football must include the following components:

     (a)    The promotion of lightning-safety slogans, such as "When thunder roars, go indoors!" and "Half an hour since thunder roars, now it's safe to go outdoors!"

     (b)    The use of reliable means to monitor the weather, such as a weather radio, a hand-held lightning detector, or a subscription to a lightning detection service. There should be a weather watcher with a reliable means of monitoring any potential severe weather at every venue, including games and practices. The appointed weather monitor must have unchallengeable authority to suspend activities.

     (c)    The establishment of a chain of command to execute the

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

Emergency Action Plan and set in motion removal of participants and spectators from the field of activities.

(d)     The identification of locations safe from lightning hazards.

(e)     The establishment of specific criteria to suspend and resume activities.

31.     Before August 25, 2015, Defendant USA Football was aware that a comprehensive, written Emergency Action Plan is necessary for any youth organization or school district and all of the venues within these institutions where athletes exercise. However, Defendant USA Football was negligent in failing to effectively provide such important information about a comprehensive, written Emergency Action Plan to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

32.     Before August 25, 2015, Defendant USA Football endorsed and accepted the Emergency Action Plan guidelines of the Korey Stringer Institute at the University of Connecticut ("KSI") which state in relevant parts as follows:

(a)     All personnel within an organization share a professional and legal responsibility to ensure that guidelines are in place to manage any emergency that could arise.

(b)     An Emergency Action Plan defines the standard of care for these situations.

(c)     An institution without an Emergency Action Plan can be found to be negligent in cases of catastrophic injuries.

33.     Defendant USA Football was negligent in failing to effectively provide such important information noted under PARAGRAPH 31 above about lightning safety from KSI and other prominent sports organizations to Plaintiff Mumford, FJFL, and FJFL

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

34.    Defendant USA Football had an obligation and duty to effectively inform, train, teach, and educate Plaintiff Mumford, FJFL, and volunteer coaches about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan which must include lightning safety. However, Defendant USA Football failed to effectively provide such important information about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

35.    During all relevant times herein, Defendant USA Football had no effective program to monitor its member youth football leagues like FJFL for the development, distribution, implementation, practicing, and enforcement of a comprehensive, written Emergency Action Plan which must include lightning safety protocols

36.    Before August 25, 2015, Defendant USA Football knew that a comprehensive, written Emergency Action Plan is necessary for any youth organization or school district and all of the venues within these institutions where athletes exercise. However, Defendant USA Football failed to effectively provide such important information about lightning safety to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

37.    According to Defendant USA Football, it worked with youth football

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

partners, commissioners, coaches, players, and parents through grassroots efforts to deliver important health and safety information where they live. However, Defendant USA Football failed to effectively provide important lightning safety information to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches during and after their completion of Defendant USA Football's training, education, and certification course.

38.    Accordingly, Defendant USA Football was negligent in one (1) or more of the following particulars:

(a)    In a careless manner, Defendant USA Football used ineffective, inadequate, or incomplete course content during the certification process that failed to appropriately educate, train, inform, and certify Plaintiff Mumford, FJFL, and FJFL volunteer coaches about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety.

(b)    In a careless manner, Defendant USA Football failed to effectively educate, train, and inform Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches after being certified about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan, involving lightning safety..

(c)    In a careless manner, Defendant USA Football falsely described its training, education, and certification course to Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches as containing "best practices" rules, operating and safety guidelines, and coaching standards for youth football while failing to accentuate the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety.

(d)    In a careless manner, Defendant USA Football failed to adequately monitor compliance with and effectiveness of its training, education, and certification course in adequately

- 12 -

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

informing Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety.

39.    If Defendant USA Football would have effectively educated, trained, informed, and certified Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety in accordance with "best practices" standards and its own proclamations to others, Plaintiff Mumford most probably would not have been struck by lightning on August 25, 2015.

40.    If Defendant USA Football would have included in its training, education, and certification course effective information about the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety, the City of Florence, FJFL, and FJFL certified volunteer coaches would have complied with such training, education, and certification course information.  See copy of Affidavit of Darlene Buchanan, City of Florence, Director of Recreation Department, attached hereto as Exhibit A.

41.    Defendant USA Football's negligent failure to effectively educate, train, inform, and certify Plaintiff Mumford, FJFL, and FJFL certified volunteer coaches about the critical importance of having a comprehensive, written Emergency Action Plan involving lightning safety was the proximate cause of Plaintiff Mumford's dangerous exposure to an inherently unsafe place in an open field behind a locked Carver Elementary School during a storm which resulted in him being struck by lightning.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

42.    As a proximate result and consequence of the negligence of Defendant USA Football, Plaintiff Mumford has incurred and will continue to suffer from substantial medical, financial, physical, emotional, and psychological harms and damages.

43.    Due to the grossly negligent, reckless, wanton, or intentional misconduct of Defendant USA Football, Plaintiff Mumford is entitled to a reasonable sum of punitive damages in this matter.

**WHEREFORE**, Plaintiff Zachary G. Mumford respectfully prays that the Court enter a judgment against Defendant USA Football, Inc,, for a reasonable sum of actual damages as determined by a jury; grant him a reasonable sum of punitive damages as determined by a jury; and award him other and further relief as the Court deems just and proper.

### FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

44.    Plaintiff Mumford reavers each and every allegation above as if repeated verbatim herein; and he would further allege as follows:

45.    Plaintiff Mumford and Defendant USA Football entered into a contract as part of the training and certification process as follows:

(a)    Defendant USA Football offered to provide Plaintiff Mumford with effective education, training, and information about "best practices" involving safety of all youth football participants.

(b)    As an additional incentive for entering the contract, Defendant USA Football offered to issue Plaintiff Mumford a ONE MILLION ($1,000,000.00) DOLLAR liability insurance policy.

(c)    Defendant USA Football required Plaintiff Mumford to

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

successfully complete the training and certification course and pay Defendant USA Football the sum of THIRTY-FIVE ($35.00) DOLLARS in exchange for receiving a USA Football membership, proof of certification, and the issuance of ONE MILLION ($1,000,000.00) DOLLARS in liability insurance coverage.

46.     In accordance with the terms of the contract, Plaintiff Mumford successfully completed the certification course and paid Defendant USA Football the sum of THIRTY-FIVE ($35.00) DOLLARS.

47.     Defendant USA Football issued a USA Football membership card and certification certificate to Plaintiff Mumford; and he received the requisite liability insurance coverage.

48.     However, Defendant USA Football breached its contract with Plaintiff Mumford by failing to provide him with effective education, training, and certification information about "best practices" involving safety of all youth football participants and the critical importance of developing, distributing, implementing, practicing, and enforcing a comprehensive, written Emergency Action Plan involving lightning safety.

49.     As a proximate result and consequence of Defendant USA Football's breach of the parties' contract, Plaintiff Mumford has incurred and will continue to suffer from substantial past, present, and future physical, emotional, financial, and psychological harms and damages,

**WHEREFORE**, Plaintiff Zachary G. Mumford respectfully prays that the Court enter a judgment under the Second Case of Action against Defendant USA Football, Inc., for a reasonable sum of actual damages as determined by a jury and award him other and

further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

**CORBIN LAW FIRM**
227 West Evans Street
Post Office Box 447
Florence, South Carolina  29501
(843)667-6119


BY:  s/Daryl J. Corbin, Esquire
Attorney for Plaintiff Zachary G. Mumford
South Carolina Bar No. 1398

Florence, South Carolina

December 7, 2018

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

# EXHIBIT  A

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

STATE OF SOUTH CAROLINA     )
                                   )   **AFFIDAVIT OF DARLENE BUCHANAN**

COUNTY OF FLORENCE         )

I, Darlene Buchanan, who, upon being duly-sworn, depose and state as follows:

1.      I am the City of Florence's Manager of the Recreation Department.  I have held that position since January 16, 2012.

2.      The City of Florence sponsors a youth football league called the Florence Junior Football League ("FJFL"). As the City of Florence's Manager of the Recreation Department, I am responsible for the overall operations of the FJFL.  Since the start of the 2015 youth football season, FJFL has been a USA Football league.  In accordance with USA Football requirements, all FJFL volunteer coaches have been certified by USA Football through successful completion of its coach certification course.

3.      I am aware that then nineteen (19) year old FJFL volunteer coach Zach Mumford ("Zach") was struck by lightning on August 25, 2015, during a FJFL football practice held in a field at a local elementary school.

4.      James W. Peterson, Jr., Esquire ("Attorney Peterson"), is the attorney for the City of Florence.  Attorney Peterson asked me to research the issue of whether USA Football thorough its coach certification course or by any other means ever taught the City of Florence, the Recreation Department, or FJFL volunteers about the importance of having, implementing, distributing, and enforcing a written Emergency Action Plan that included lightning safety protocols.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

5.      The City of Florence's Athletic Director is Tim Wilson ("Director Wilson").
During the week of October 22 – 26, 2018, I interviewed Director Wilson.  Director Wilson
told me that he had recently completed USA Football's 2018 coach certification course.  I
interviewed Director Wilson to determine whether USA Football's 2018 coach
certification course contains information about lightning safety protocols.  Director Wilson
stated that USA Football's coach certification course had no mention of the importance of
having a written Emergency Action Plan containing lightning safety protocols. Director
Wilson said that the only reference involving weather conditions in USA Football's 2018
coach certification course was about the dangers of excessive heat.

6.      Coach Mickey McGee ("Coach McGee") is the current Vice President of
FJFL.  Coach McGee has been a FJFL volunteer head coach for several years.   Since the
start of the 2015 youth football season, Coach McGee has been certified and recertified by
USA Football as a football coach. In addition, Coach McGee is FJFL's certified Player
Safety Coach under USA Football's Heads Up program.  As FJFL's Vice President and
Player Safety Coach, Coach McGee is responsible for making sure that all FJFL volunteer
coaches are certified by USA Football and follow USA Football safety protocols taught
during the coach certification course.

7.      On October 27, 2018, Coach McGee was contacted by Director Wilson.
Coach McGee stated that USA Football's coach certification course provided to FJFL
volunteers (including himself) contained no information about lightning safety protocols.
Further, Coach McGee indicated that USA Football failed to provide the City of Florence,
FJFL, FJFL's certified volunteer coaches, and him with anything mentioning that it was

-2-

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

important for FJFL to have a written Emergency Action Plan that included lightning safety protocols. If USA Football would have required or recommended that FJFL should have lighting safety protocols, the City of Florence, Coach McGee, and I are confident that FJFL would have complied with such a requirement or recommendation.

8.    On October 27, 2018, Coach Mike Goodman ("Coach Goodman") was contacted by Director Wilson. Coach Goodman has been a FJFL volunteer head coach for several years. Since the start of the 2015 youth football season, Coach Goodman has been certified and recertified by USA Football as a coach. Coach Goodman was the head coach of the FJFL team for which Zach was a volunteer assistant coach. Coach Goodman was present at the time Zach was struck by lightning. Coach Goodman indicated there was nothing in USA Football's coach certification course about lightning safety protocols.

9.    FJFL had no Emergency Action Plan containing lightning safety protocols at the time Zach was struck by lightning. Coach Goodman was unaware of any requirement or recommendation of USA Football that FJFL should have a written Emergency Action Plan that included lightning safety protocols. If USA Football would have required or recommended that FJFL should have lighting safety protocols, the City of Florence, Coach Goodman, and I are confident that FJFL would have complied with such a requirement or recommendation.

10.    I am convinced that USA Football through its football coach certification course or otherwise did not warn the City of Florence, Director Wilson, Coach McGee, Coach Goodman, Zach, and other FJFL volunteer coaches about the importance of having, implementing, distributing, and enforcing a written Emergency Action Plan that included

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

lightning safety protocols. Lightning safety measures were simply not covered at all by USA Football.

        11.    The safety of all participants of FJFL and its other recreational department activities is of utmost importance to the City of Florence, the Recreation Department, and me. The City of Florence, Director Wilson, Coach McGee, Coach Goodman, and I now believe that it would have been prudent if USA Football would have included in its coach certification course information about lightning safety protocols to minimize the dangers of participants being struck by lightning like Zach. If such information had been included, the City of Florence, Director Wilson, Coach McGee, Coach Goodman, and other FJFL volunteer coaches would have adhered to the requirements of this information.

        12.    I understand Zach's attorney contacted Attorney Peterson and requested that the City of Florence provide him with the results and conclusions of my research. On behalf of the City of Florence, I am authorized to provide this Affidavit to Zach's attorney for all proper uses, including introduction during judicial proceedings. I acknowledge that Zach and his attorney have a right to rely upon the accuracy of this Affidavit in deciding whether to pursue litigation against FJFL volunteers involving Zach's damages arising from the August 25, 2015, lightning strike incident.

        13.    I voluntarily decided to sign this Affidavit after thoroughly discussing its content and legal significance with Attorney Peterson.

RESPECTFULLY SUBMITTED,

Darlene Buchanan
City of Florence
Manager of Recreation Department

SWORN TO and subscribed before

me this 4th day of December, 2018.

Notary Public for South Carolina

My Commission Expires 4/8/2024.

ELECTRONICALLY FILED - 2018 Dec 07 1:09 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Daryl Corbin**  - Notification transmitted on 12-07-2018 01:09:17 PM. |

ELECTRONICALLY FILED - 2018 Dec 07 1:32 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP2102297

**Official File Stamp:**              12-07-2018 01:09:03 PM

**Court:**                             CIRCUIT COURT

                                      Common Pleas

                                      Florence

**Case Caption:**                 Zachary G Mumford VS Usa Football Inc , defendant, et al

**Document(s) Submitted:**    Amended/Amended Summons And Complaint

                                        Amended/Amended Summons And Complaint

                             -  Exhibit/Filing of Exhibits

**Filed by or on behalf of:**   Daryl James Corbin

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                        Daryl James Corbin for Zachary G Mumford

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                        Usa Football Inc

ELECTRONICALLY FILED - 2018 Dec 07 1:32 PM - FLORENCE - COMMON PLEAS - CASE#2018CP2102297